IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEWIS A. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-CV-379-ALB-JTA |
| ) | |
| OFFICER CLARENCE REID, et. al., ) | |
| ) | |
| Defendants. ) | |

## SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Lewis A. Mitchell ("Mitchell"), a pre-trial detainee confined in the Elmore County Jail, asserting that his arrest on June 17, 2016 in Elmore County was unlawful because the police officers had no probable cause to enter his home and search and arrest him.  On May 12, 2020, the undersigned entered a recommendation to dismiss this action with prejudice. (Doc. 42.) The plaintiff has filed objections to the recommendation (Doc. 43) and therein complains that the defendants took his property, including money and other items (Doc. 43 at ¶ 19). Because this claim was not addressed in the May 12, 2020 recommendation, the Court will do so now.

### II.  DISCUSSION

The plaintiff claims that the defendants took his property, including money and other items.  This barebones claim is barely intelligible to the court from the face of the complaint, as amended.  However, to the extent the plaintiff seeks the return of this money

and property, which he alleges was stolen, the State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Mitchell to seek redress of this allegedly improper taking of his money and property. *Oliver v. Laseter,* 2018 WL 1474909, at *5 (M.D. Ala. March 5, 2018) (citing Ala. Code § 41-9-60 *et. seq.*)  Finally, to the extent that the Court can read the plaintiff's claim as stating a due process claim, the "post-deprivation remedies to the plaintiff under Alabama tort law [are] sufficient to satisfy due process." *Id.* (citation omitted).  Accordingly, the undersigned concludes that this claim lacks merit and is due to be dismissed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The takings claim as addressed in this recommendation be DISMISSED with prejudice.

2.  Recommendation of the Magistrate Judge entered on May 12, 2020 (Doc. 42) remain in full force and effect.

On or before **June 23, 2020** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of June, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE